UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACOB Z. WAITZE | : | |
| | : | |
| Plaintiff, | : | No. 19-cv-1060 |
| | : | |
| v. | : | |
| | : | February 8, 2021 |
| WARDEN M. LICON-VITALE, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM OF DECISION DENYING MOTION TO AMEND/CORRECT COMPLAINT, DKT. 31

This action came before the Court following the filing of a complaint by the Plaintiff on July 8, 2019. Dkt. 1. The original complaint generally asserts claims against 24 defendants—which includes employees and inmates at Federal Correctional Institution ("FCI") Danbury—relating to several events taking place between March 2019 and June 2019. *Id.* The original complaint described events involving the Plaintiff's placement in and conditions of FCI Danbury's security housing unit ("SHU"), threats to and assaults made against the Plaintiff by his fellow inmates, and allegations of deliberate indifference to his medical needs by several staff members. *Id.* The same day the original complaint was filed, the Plaintiff filed a motion for leave to proceed *in forma pauperis*; Dkt. 2; which was subsequently granted. Dkt. 7.

On July 26, 2019, the Plaintiff filed his first motion for leave to file an amended complaint seeking authorization to strike, replace, and add certain

1

allegations and defendants. Dkt. 8. The Court granted the first motion to amend. Dkt. 10.

On August 22, 2019, the Plaintiff filed his second motion for leave to file an amended complaint. Dkt. 15. Shortly thereafter, and before the Court addressed the second motion, on August 28, 2019 the Plaintiff filed his third motion for leave to file an amended complaint. Dkt. 17. On February 25, 2020, the Court entered an omnibus order addressing several motions then pending before the Court including the second and third motions to amend. Dkt. 21. In that decision, the Court stated:

> On July 30, 2019, the court granted Plaintiff leave to file an amended complaint to add six new defendants, ten new paragraphs of factual allegations regarding conditions at FCI Danbury during the period from June 28, 2019 to July 16, 2019, and six new requests for monetary relief and to withdraw his claims against Defendants J. Doe 8 and J. Doe 9. *See* Mot. Amend, Doc. No. 8; Order, Doc. No. 10. Plaintiff did not, however, submit or file an amended complaint that named the six new defendants and included, the allegations against those defendants and the new requests for relief.
>
> Plaintiff has filed a second and a third motion for leave to file an amended complaint. In the second motion to amend, Plaintiff seeks permission to add two new defendants, Mail Room Staff Members Vanuyne and Gerrish, to further identify John Doe 7, as Mrs. McGettigan, to add four new requests for monetary relief and to correct the spelling of the name of an inmate referred to as Alicia in the complaint. *See* Mot. Amend, Doc. No. 15, at 1. Plaintiff also seeks to acknowledge that he misspelled defendant as defendant in some or all of his prior motions. *See id.* In the third motion to amend, Plaintiff seeks permission to add five new defendants, Administrative Remedy Coordinator J. Doe 10, Counselor Gerhard and Correctional Officers Parker, Perez and Caswell, and a new request for injunctive relief. *See* Mot. Amend, Doc. No. 17.

Dkt. 21 at 7–8. The Court concluded that the Plaintiff failed to set forth any basis on which to permit him to add the seven new defendants. The Court

**2**

permitted Plaintiff to substitute Mrs. McGettigan for the Defendant listed as Correctional Officer J. Doe 7 and to add the four new requests for monetary relief. The Court also permitted Plaintiff to correct the spelling of inmate Alicea's name. The Court entered the following:

> The court directs Plaintiff to file ONE amended complaint. The amended complaint should include the defendants named in the complaint against whom Plaintiff still seeks to proceed as well as the allegations and requests for relief asserted against those defendants. In addition, the amended complaint should include: the six new defendants identified in the first motion to amend, [Doc. No. 8, Lieutenant McGettigan, Case Manager Niewinski, Case Manager Ramos, Correctional Officer Hart, Correctional Officer Leger and Correctional Officer Bargsten; the allegations against those defendants as described in paragraphs 30 through 39 of the first motion to amend, Doc. No. 8; the six new requests for compensatory or punitive damages described in the first motion to amend, Doc. No. 8; the four new requests for compensatory or punitive damages described in the second motion to amend, Doc. No. 15. The amended complaint should also substitute Mrs. McGettigan for Defendant Correctional Officer J. Doe 7, correct the spelling of Inmate Alicea's name and eliminate Correctional Officers J. Doe 8 and J. Doe 9 as defendants.
>
> Plaintiff shall file his amended complaint within twenty-one (21) days of the date of this order. If Plaintiff chooses not to file an amended complaint, the case will be subject to dismissal without further notice from the court.

Dkt. 21 at 14.

On March 17, 2020, the Plaintiff filed his fourth motion for leave to file an amended complaint. Dkt. 22. The Court denied the motion because the Plaintiff sought to add defendants that the Court did not authorize, and the amended complaint included few factual allegations against the named defendants. Dkt. 25. The Court explained for a second time that his complaint should include "facts describing each defendant's conduct, the dates on which and the locations where

3

the conduct occurred, if known by the plaintiff, and how the conduct may have violated the plaintiff's rights." Dkt. 25 at 4–5. The Court authorized the Plaintiff to file one more amended complaint that complied with the Court's instructions. Dkt. 25 at 5. The Court explicitly instructed the Plaintiff as follows:

> The amended complaint may include: the defendants named in the Complaint, Warden M. Licon-Vitale, Associate Warden Comstock, Unit Manager Moore, Captain Whitley, Lieutenant Quinones, SIS Lieutenant Hayes, SIS Technician Tiernan and Correctional Officers Hansen, Talbot, J. Doe 1, J. Doe 2, J. Doe 3, J. Doe 4, J. Doe 5, and J. Doe 6, against whom Waitze still seeks to proceed, as well as the allegations and requests for relief asserted against those defendants. In addition, the amended complaint may include: Lieutenant McGettigan, Case Manager Niewinski, Case Manager Ramos, Correctional Officer Hart, Correctional Officer Leger and Correctional Officer Bargsten as defendants and the allegations against those defendants as described in paragraphs 30 through 39 of the first motion to amend, Doc. No. 8, and the new requests for compensatory or punitive damages described in the first motion to amend, Doc. No. 8, and the second motion to amend, Doc. No. 15.
>
> The amended complaint may also substitute Correctional Officer/Food Service Assistant McGettigan for the Correctional Officer J. Doe 7 defendant named in the Complaint. The amended complaint should also include facts describing each defendant's conduct, the dates on which and the locations where the conduct occurred, if known by Waitze, and how the conduct may have violated Waitze's constitutional rights. Waitze need not attach exhibits to the amended complaint. Waitze shall file his amended complaint within twenty (20) days of the date of this order. If Waitze chooses not to file an amended complaint or fails to file an amended complaint that complies with the Court's order, the case will be subject to dismissal without further notice from the Court.

Dkt. 25 at 5–6.

On June 23, 2020, the Plaintiff filed his fifth motion for leave to amend complaint. Dkt. 27. The Court denied this motion finding that: "The Plaintiff has failed to set forth any factual allegation against John Doe 4, 5, and 6. Further, the amended complaint contains several allegations not connected to any specific

4

Defendants' conduct." Dkt. 28. The Court concluded that: "[i]n view of the Plaintiffs multiple failed attempts to file a complaint even with the Court's clear instructions, the case is dismissed without prejudice to the Plaintiff filing a complaint that complies with the Court's instructions within 35 days. If the Plaintiff fails to file a complaint that complies with the Court's instructions within 35 days, the dismissal will convert to one with prejudice unless good cause exists otherwise." Dkt. 28. On December 1, 2020, the Plaintiff sought additional time to file an amended complaint, which was granted. Dkt. 29, 30.

On December 22, 2020, the Plaintiff filed his sixth motion for leave to amend complaint. Dkt. 31. The sixth motion is the motion currently pending before the Court.

The sixth attempt to amend his complaint continues to fail to state claims against each defendant named. The complaint describes a plethora of incidents but does not state each act or omission which he claims violates which rights. For example, the Plaintiff states that:

> On April 29 2019, I was awoken by getting punched in the face by Inmate M. Woods in my bed in G-Unit. This was an arguable 8th Amendment violation for the prison officials' failure to protect given they knew there may be a substantial risk I would be seriously harmed. Responsibility for this falls upon defendants Whitley, Comstock, and Licon-Vitale.

Dkt. 31, at 5. However, there is no allegation tying those three defendants to an act or omission that would lead to a conclusion that these defendants violated the Plaintiff's rights.

Another example of the Plaintiff's failure to comply with the Court's order is where he states:

> **On May 1 2019, I was awoken again by being assaulted by Inmate M. Woods with a lock in a sock, again in my bed in G-Unit, causing enough damage to require stitches in multiple locations. At the date of this writing, June 23 2020, I still feel physical pain in the locations on my head where I was hit with the mentioned weapon, in particular where there is now a significant lump and associated crescent-shaped scar on the back of my head. There are multiple locations on my head with crescent-shaped scars due to this incident. This was another 8th Amendment violation for the same rationale and with the same blame mentioned in #7 of this Statement of Case.**

*Id.* The Plaintiff again does not tie those three defendants to an act or omission that would lead to a conclusion that these defendants violated the Plaintiff's rights. These are just two of several examples where the Plaintiff failed to follow the Court's instructions.

Further, the sixth attempt to amend his complaint now misjoins numerous unrelated claims. Claims arising out of separate facts against different defendants must be brought separately. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). The Plaintiff's amended complaint raises a series of unrelated events connecting twenty-two defendants whose only joint connection is that they all allegedly had some interaction with the Plaintiff at some point during his incarceration. This connection alone is insufficient to join the defendants into a single action as the Plaintiff attempts to do so here. While misjoinder is not the basis for dismissal, it provides another example of the Plaintiff's failed attempt to raise an actionable complaint despite being given several opportunities to do so by the Court.

6

The Court has afforded the Plaintiff significant latitude to correct his complaint. The Court has also provided him instructions on numerous occasions, and he has ignored them all. The Plaintiff was warned twice that the continual failure to comply with the Court's order to file a compliant amended complaint will result in the dismissal of this action. *See* Dkt.s 28, 25. This case was filed over a year ago and there has yet to be an actionable complaint filed. Therefore, the Court denies the Plaintiff's sixth motion to amend. The case is dismissed with prejudice as another opportunity to amend would be futile.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: February 8, 2021